IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUSTINA MARINA HOLLAND,
    Petitioner,

v.                                          Case No. 5:25cv9/MW/MAL

WARDEN GABBY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Justina Marina Holland filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking immediate transfer to prerelease custody. ECF No. 2. The Warden filed an answer seeking denial on the merits or dismissal for Holland's failure to exhaust her administrative remedies. ECF No. 12. Holland filed an undated reply that was postmarked before the Warden filed his response. ECF No. 13. After careful consideration of the petition, the parties' submissions, and relevant law, I recommend the § 2241 petition be denied because Holland has not shown she is entitled to the relief requested.

**BACKGROUND**

In October of 2021, Holland was convicted of numerous charges including mail and wire fraud, theft of Government property, and false use of a social security number in the Middle District of Florida. Case 6:20-CR-86-RBD-EJK. She was sentenced to a total term of 96 months' imprisonment that was later reduced to 89

months. *Id.* ECF Nos. 85, 162. Holland is currently incarcerated at the Federal Correctional Institution in Marianna, Florida with a projected release date of March 25, 2027. *See* https://www.bop.gov/inmateloc/.

In her petition dated January 6, 2025, Holland claims she is entitled to immediate placement in prerelease custody based on 1,125 days of time credits she can earn on her sentence under the First Step Act (FSA) and additional Second Chance Act (SCA) placement.[1] Holland contends she should have been released to prerelease custody on September 24, 2024. ECF No. 2 at 19; ECF No. 13 at 1-2. In his answer, the Warden asserts the petition is subject to denial on the merits and dismissal for Holland's failure to exhaust administrative remedies. ECF No. 12. Because Holland has not demonstrated that the BOP has miscalculated or misapplied her FSA credits, or that she is otherwise entitled to immediate transfer to prerelease

---

[1] Holland's calculation of the FSA credits to which she believes she is entitled is wrong because she fails to take into account two important factors. ECF No. 2 at 9. First, Holland does not take into account the fact that her FSA credits cannot be applied until her earned credits equal the amount of time left on her sentence. *See* 18 U.S.C. § 3526(g)(1)(a) (restricting application of earned time credits to prisoners who have earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."). Second, Holland fails to account for the fact that if she is released one year early due to FSA credits, this would reduce by 12 months the time she is eligible to earn credits. In other words, instead of 71 months earning 15 days' credit per month, Holland would only have 59 months due to her early release. Thus, she appears to overstate her credits by 180 days (15 days per month x 12 months).

In her reply, Holland claims, without explanation, that she is owed only 565 days toward prerelease custody under the FSA (instead of the 640 days mentioned in her petition). ECF No. 13 at 1. But she does not point to any error in the BOP's credit calculation, which shows the credits she has earned in specific increments from the start of her sentence up to February 9, 2025. ECF No. 12-4 at 1-3.

custody, her petition should be denied on the merits, without regard to the Warden's defense of failure to exhaust administrative remedies.[2]

**DISCUSSION**

Under the FSA, an eligible inmate who successfully participates in evidence-based recidivism reduction programs or productive activities earns time credits to be applied toward placement in prerelease custody (such as a residential reentry center, commonly known as a halfway house or RRC, or home confinement) or toward early release to a term of supervised release. *See* 18 U.S.C. §§ 3624(g)(1)-(3), 3632(d)(4). Inmates may earn ten, or in some instances 15, days of credit for every 30 days of successful programming. 18 U.S.C. § 3632(d)(4). One year is the maximum amount of FSA time credits that can be applied toward early release from prison and placement on supervised release. 18 U.S.C. § 3624(g)(3). Additional earned FSA time credits shall be applied toward time in prerelease custody. 18 U.S.C. § 3632(a)(4)(C).

The SCA, on the other hand, provides for placement in prerelease custody for

---

[2] There is no factual dispute as to Holland's failure to exhaust, but a genuine issue of material fact exists "about whether administrative remedies were available" to Holland. *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008). Accepting Holland's uncontroverted version of events as true, BOP staff "refused[d] to answer her [BP-]8 or [BP-] 9," told her there was no point in filing grievances because there was no one to answer, and staff refused to give her a BP-10 until she finally asked for a sensitive 10. ECF No. 2 at 7. The Warden bears the burden of proof on the exhaustion defense. *Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008). But his response does not address these issues.

up to 12 months. *See* 18 U.S.C. § 3624(c)(1). This placement, while possible, is not guaranteed. *Id.* The BOP retains discretion to determine where and when to place an inmate in a community correctional facility. *See, e.g., Bromfield v. Dobbs*, No. 18-CV-22618-SCOLA, 2019 WL 404048, at *5 (S.D. Fla. Jan. 16, 2019) (noting that a 12-month placement under the SCA is not guaranteed, and it is within the discretion of the BOP whether to place a prisoner in an RRC, and if so for how long) (citing cases), *report and recommendation adopted*, No. 18-22618-CIV, 2019 WL 399899 (S.D. Fla. Jan. 31, 2019); *Robinson v. Warden, FCI Danbury*, No. 3:24-CV-1167 (SRU), 2025 WL 777275, at *4 (D. Conn. Mar. 11, 2025) (finding petitioner had no enforceable interest in her transfer to prerelease custody on her earliest date of eligibility under the SCA).

The BOP provides inmates with a multi-page "FSA Time Credit Assessment." This document provides a breakdown of the credits earned and how those credits can be applied. *See* ECF No. 12-4 at 1-4. It includes a "Conditional Transfer to Community Date," which represents the best-case scenario for an inmate's placement date in prerelease custody based on the maximum number of FSA credits the inmate may potentially earn and have applied before release, and SCA credits awarded. *Id.* at 4.

Holland's February 9, 2025, FSA Time Credit Assessment reflects that she earned 510 days of FSA time credits from the start date of her incarceration through

February 9, 2025. ECF No. 12-4 at 1-2. Holland has been earning credits at a rate of 15 days per 30 days, the statutory maximum, since June 26, 2022. ECF No. 12-4 at 1; 18 U.S.C. § 3632(d)(4).

Of these 510 credits, 365 days of Holland's FSA time credits can eventually be applied to reduce her sentence by one year, from March 24, 2028 to March 25, 2027. *See* ECF No. 12-1 at 2; ECF No. 12-4 at 4. The remaining 145 days of FSA credit can eventually be applied toward time in prerelease custody. 18 U.S.C. § 3632(d)(4)(C); *see* ECF No. 12-4 at 1 (reflecting 145 days "FTC towards RRC/HC").

*Application* of the FSA credits is tricky, however, because although Holland is eligible to *earn* credits,[3] her credits become eligible to be *applied* only when she has earned credits "in an amount that is equal to the remainder of [her] imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). According to the February 9, 2025 FSA Time Credit Assessment, Holland has earned a total of 510 FSA credits (365 toward early release and 145 toward RRC/HC). ECF No. 12-4 at 1. The time between February 9, 2025 and her March 24, 2028 release date is 1,139 days. Thus, Holland has not earned FSA credit in an amount equal to the remainder of her term of

---

[3] Holland's offenses of conviction, violations of 18 U.S.C. §§ 641, 1028A, 1029, 1341, and 42 U.S.C. § 408, do not render her ineligible under 18 U.S.C. § 3632(d)(4)(D). *See* M.D. Fla. Case 6:20-CR-86-RBD-UAM, ECF No. 85; *see also* ECF No. 12-5 at 2 (Summary Reentry Plan-Progress report stating Holland is eligible to receive Federal Time Credits).

imprisonment, and those 510 FSA credits therefore cannot be applied on February 9, 2025.

The gap between Holland's earned FSA credits and the days until her release date becomes smaller and smaller as more time passes and she earns more credit. Assuming Holland continues to earn 15 FSA credits each month, by the time she reaches her FSA Conditional Placement Date of April 19, 2026, she will have earned an additional 195 days of FSA credit (15 days per month x 13 months), giving her a total of 705 FSA credits (510 + 195). On that date, she will also have 705 days remaining until she is released from her sentence on March 24, 2028.

Accordingly, Holland's FSA Time Credit Assessments reflect a total of 340 FSA Conditional Placement Days. ECF No. 12-4 at 4 (dated February 9, 2025); ECF No. 13 at 4 (dated March 13, 2025). This figure includes the 145 "leftover" days earned as of February 9, 2025, plus an additional 195 days she is expected to earn. With 340 days of FSA credit applied toward prerelease custody placement, Holland is eligible under the FSA for prelease custody placement on April 19, 2026 (340 days before her FSA projected release date of March 25, 2027).

It is important to note that prior to April 19, 2026, Holland is not eligible for *application* of her FSA credits because she will not have earned credits "in an amount that is equal to the remainder of [her] imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Although this requirement makes calculations more

difficult to apply, "there is some logic to this system" given that FSA credits can be lost for violating prison rules. *Rengifo-Valencia v. Warden, FCI Berlin*, No. 23-CV-082-SM, 2023 WL 3020871, at *2 (D.N.H. Apr. 20, 2023). "By waiting to apply earned FSA time credits until an inmate has accumulated a sufficient number to cover the remainder of his or her term of imprisonment, time credits 'can be immediately applied and would no longer be subject to loss for future prohibited acts.'" *Id.* (*quoting Milchin v. Warden*, No. 3:22-CV-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022)).

In her reply, Holland submits page 4 of an FSA Time Credit Assessment dated March 13, 2025. It shows an April 19, 2025 Conditional Transition to Community Date. ECF No. 13 at 4. The difference between this assessment and the February 9, 2025 assessment attached to the Government's answer (ECF 12-4) is the number of SCA Conditional Placement Days used to calculate her Conditional Transition to Community Date. The version dated February 9, 2025, reflects Holland receiving credit for 270 SCA days with a Conditional Transition to Community Date of July 23, 2025. ECF No. 12-4 at 4. The March 13, 2025, version reflects 365 SCA days (which is the maximum) and a Conditional Transition to Community Date of April 19, 2025. ECF No. 13 at 4.

As noted above, SCA placement is not guaranteed. Holland is not entitled to a particular placement date. Additional days awarded to inmates under the SCA are

discretionary and subject to consideration of various factors, including "the resources of the facility contemplated," 18 U.S.C. § 3621(b)(1), which, as relevant to this case, might reasonably be construed as encompassing bed space. Holland suggests that she has not received the full number of days she is entitled to receive due to retaliation against her for filing a lawsuit for a sexual assault she suffered during her incarceration. ECF No. 13 at 2. However, she is entitled under the FSA only to placement on April 19, 2026, which is the date her FSA credits can be applied.

Whether she is transitioned to the community on July 23, 2025 (after receiving 270 days of SCA credits) or April 19, 2025 (after receiving 365 days of SCA credits) she will have received all the FSA credits that can be applied. She has no enforceable interest in her transfer to prerelease custody under her earliest date of eligibility under the SCA. *See Robinson,* 2025 WL 777275, at *4 (acknowledging discretion given to the BOP for decisions regarding prerelease custody, and the lack of authority for a court to order transfer); *see also United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). The BOP has the exclusive authority to decide where to house prisoners, including placement in prerelease custody. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

Based on the foregoing, the Court finds that Holland has failed to show that the BOP has miscalculated her FSA credits, misapplied her FSA credits, or abused its discretion in determining community placement under the SCA. Accordingly, it is respectfully RECOMMENDED:

1. Holland's petition under 28 U.S.C. § 2241, ECF No. 2, be DENIED.

2. The clerk be directed to close the case file.

DONE on April 9, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.